1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   KEVIN BROWN,                    )
                                    )        NO. CIV 03-2372 GEB KJM
10                 Plaintiff,        )
                                    )
11       v.                         )        ORDER[*]
                                    )
12   WAL-MART STORES, INC., ANGELA   )
     WHITLOW, DON FILLA, and DOES    )
13   1 through 25, inclusive,        )
                                    )
14                 Defendants.       )
    ─────────────────────────────── )

15

16          Defendants move for summary judgment on all of Plaintiff's

17   claims under Federal Rule of Civil Procedure 56.  Plaintiff opposes

18   the motion.[1]

19                              BACKGROUND

20          Plaintiff Kevin Brown was a Personnel Coordinator for Claims

21   Management Incorporated (CMI) beginning in April 2000, and was

22   responsible for ensuring that CMI associates in the Sacramento office

23   complied with Wal-Mart's employee policies.  (Statement of Undisputed

24

25   ───────────────

26          [*]   This motion was determined to be suitable for decision
     without oral argument.  L.R. 78-230(h).

27
            [1]   Plaintiff's opposition was not timely filed.  Plaintiff
28   filed, concurrently with his opposition, an ex parte application for
     extension of time to file the opposition.

                                     1

Facts ("SUF") ¶¶ 5, 10.)[2]  In or during March 2003 or early April 2003, Defendant Angela Whitlow, Plaintiff's immediate supervisor, received an anonymous typewritten letter which stated that Plaintiff had brought a friend into the office to solicit associates to purchase pirated satellite equipment, identifying Tom Van Deman and Flarry Henry as individuals who may have additional information about the incident.  (SUF ¶¶ 7, 19, 20.)  Ms. Whitlow then visited the CMI office in Sacramento, California, and asked Defendant Daniel Filla, President of CMI, to meet with her to discuss Plaintiff's potential wrongdoing and showed Mr. Filla the anonymous letter.  (SUF ¶¶ 8, 21, 22.)  Ms. Whitlow and Mr. Filla then met with Mr. Van Deman and Mr. Henry, and another CMI employee, to inquire about whether Plaintiff had brought a friend of his into the workplace to offer satellite equipment.  (SUF ¶¶ 24, 26, 31, 35.)

          Ms. Whitlow and Mr. Filla then met with Plaintiff. (SUF ¶ 38.)  Plaintiff admitted that he brought a friend, Marty Johnson, to the CMI office to meet with a CMI associate and discuss the purchase of satellite "black boxes."  (SUF ¶ 39.)  Ms. Whitlow asked Plaintiff if he believed that his actions were inappropriate as a personnel coordinator and Plaintiff told Ms. Whitlow that he believed his actions were an error in judgment.  (SUF ¶¶ 41-42.)  Mr. Filla told Plaintiff that they were concerned because Plaintiff had brought Mr. Johnson to the workplace and concluded it constituted gross misconduct/lack of integrity.  (SUF ¶ 44.)  Ms. Whitlow told Plaintiff that she was terminating him for gross misconduct/lack of integrity

---

          [2]     The facts are set forth in the movants' Statement of Undisputed Facts filed on February 18, 2005, and are supported by the affidavits of Kristin L. Oliveira, Angela Whitlow, and Daniel Filla, and supporting evidence, as required by Local Rule 56-260.

and completed Plaintiff's exit interview or termination notice on
April 16, 2003.  (SUF ¶¶ 46-47.)  Ms. Whitlow declares that at no time
did she consider Plaintiff's race or color in any decision to
terminate him.  (SUF ¶ 61.)

STANDARD

Summary judgment is proper where the pleadings, depositions,
answers to interrogatories, affidavits, and admissions on file show
that there is no genuine issue as to any material fact, and the moving
party is entitled to judgment as a matter of law.  Fed. R. Civ. P.
56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In
considering a motion for summary judgment, the court must examine all
evidence in a light most favorable to the nonmovant, and draw all
reasonable inferences in that party's favor.  Matsushita Elec. Indus.
Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations
omitted).  "[M]ere allegation and speculation do not create a factual
dispute for purposes of summary judgment."  Nelson v. Pima Community
College, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citing Witherow v.
Paff, 52 F.3d 264, 266 (9th Cir. 1995)).  The "purpose of summary
judgment is to 'pierce the pleadings and to assess the proof in order
to see whether there is a genuine need for trial.'"  Id. (quoting
Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc.
56(e), 28 U.S.C. App., p.626).

DISCUSSION

First Claim: Breach of Contract

Defendants move for summary judgment on Plaintiff's breach
of contract claim.  Defendants contend Plaintiff was an at-will

employee and could be terminated at any time with or without cause.[3]
(Defs.' Mot. for Summ. J. at 8-9.)  "[T]here is no evidence that
plaintiff had an express or implied, oral or written, contract of
employment with Wal-Mart."  (Defs.' Mot. for Summ. J. at 9.)

"[California] Labor Code section 2922 provides that '[a]n
employment, having no specified term, may be terminated at the will of
either party on notice to the other.'  An at-will employment may be
ended by either party 'at any time without cause,' for any or no
reason, and subject to no procedure except the statutory requirement
of notice."  Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 335 (2000).

Plaintiff has presented no evidence that Plaintiff's
employment was anything other than at-will employment.[4]  Plaintiff
signed an Offer Letter for the position as Personnel Coordinator,
accepting that his employment was at-will and he could be terminated
at any time and could terminate his own employment at any time.  (SUF
¶ 3.)  Plaintiff's application for employment states that he would be
employed on an at-will basis.  (SUF ¶ 4.)  Plaintiff also signed an
acknowledgment of the Wal-Mart Associate Handbook, which provides that
all its store associates are employed at-will.  (SUF ¶¶ 1-2.)

Since Plaintiff was an at-will employee, Defendants could
terminate Plaintiff at any time with or without cause.  Therefore,

---

[3]     Defendants also contend that even if there was an implied
employment contract that Plaintiff would be discharged only for good
cause, Defendants have provided evidence that Plaintiff was terminated
for good cause.  (Defs.' Mot. for Summ. J. at 12-17.)  However, this
issue need not be decided since there is no evidence that Plaintiff
was anything other than an at-will employee.

[4]     In fact, Plaintiff did not even mention the portion of
Defendants' summary judgment motion on the breach of contract claim in
his opposition.

Defendants' motion for summary judgment on Plaintiff's breach of contract claim is granted.

Second Claim: Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants also move for summary judgment on Plaintiff's claim for breach of an implied covenant of good faith and fair dealing. Defendants contend Plaintiff cannot establish the existence of an employment contract between the parties, so Plaintiff cannot establish a breach of an implied covenant of good faith and fair dealing.[5] (Defs.' Mot. for Summ. J. at 21-24.)

"[W]ith regard to an at-will employment relationship, breach of the implied covenant cannot logically be based on a claim that a discharge was made without good cause. If such an interpretation applied, then all at-will contracts would be transmuted into contracts requiring good cause for termination, and Labor Code section 2922 would be eviscerated." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 699 n.39 (1988); see also Guz, 24 Cal. 4th at 350-52.

Since there is no evidence that Plaintiff was anything other than an at-will employee, and there is no evidence of an agreement to terminate only upon a showing of good cause, Defendants' motion for summary judgment on Plaintiff's claim for breach of an implied covenant of good faith and fair dealing is granted.[6]

---

[5] Defendants also contend that their conduct did not violate any covenant of good faith and fair dealing since there was good cause for terminating Plaintiff. (Defs.' Mot. for Summ. J. at 23-30.) But, this issue need not be decided here.

[6] Plaintiff did not mention this claim in his opposition.

<u>Third Claim: Race Discrimination</u>

Defendants move for summary judgment on Plaintiff's racial discrimination claim, arguing since Defendants terminated Plaintiff for a legitimate and lawful reason, Plaintiff cannot establish a racial discrimination claim.  (Defs.' Mot. for Summ. J. at 24-29.)

Plaintiff argues a prima facie case of racial discrimination exists since "Plaintiff was treated differently than the white male co-worker and by the fact that his actions were deemed gross misconduct."  (Pl.'s Opp'n to Mot. for Summ. J. at 3.)  Plaintiff argues that Defendants cannot establish a legitimate non-discriminatory reason for his termination, and that the rationale provided by Defendants was merely pretextual.

The basis for Plaintiff's race discrimination claim is that Plaintiff was treated differently because of his race since he was terminated for gross misconduct for inviting Mr. Johnson into the CMI office, while Mr. Van Deman, a white employee, was not even investigated, even though Mr. Van Deman allegedly initiated all efforts with requesting illegal satellite equipment and allegedly purchased the equipment.  (Pl.'s Separate Statement of Disputed Facts ¶¶ 73, 76, 85.)  After Plaintiff was discharged, he told Mr. Filla that Mr. Van Deman purchased the satellite equipment from Mr. Johnson.  (SUF ¶ 63.)  Mr. Filla did not investigate the discrepancy between Mr. Van Deman's representation that he did not purchase the satellite equipment and Plaintiff's statement that Mr. Van Deman indeed purchased the equipment.  (SUF ¶ 64.)  However, Mr. Filla declares that the decision not to investigate whether Mr. Van Deman purchased the satellite equipment was not based on Mr. Van Deman's or Plaintiff's race or color.  (SUF ¶ 65.)

Plaintiff also contends that "by categorizing Plaintiff's actions as gross misconduct, Defendants were able to shield themselves from conducting a fair and objective investigation" since an employee found to have engaged in gross misconduct can be terminated without "coaching for improvement" (written or oral counseling). (Pl.'s Opp'n to Mot. for Summ. J. at 3.)

However, Defendants have declared that Plaintiff was terminated because of his poor judgment in inviting Mr. Johnson into the CMI office, and that the termination was not because of his race. Plaintiff only speculates that he was terminated because of his race but has shown no evidence that Plaintiff's misconduct was merely a pretext for discrimination. Therefore, Defendants' motion for summary judgment on Plaintiff's racial discrimination claim is granted.

Fourth Claim: Wrongful Termination in Violation of Public Policy

Defendants contend Plaintiff has no evidence he was wrongfully discharged in violation of any public policy. (Defs.' Mot. for Summ. J. at 29-31.) Plaintiff counters that "Plaintiff's termination came shortly after he clearly advocated payment to employees that had worked overtime. The termination of Plaintiff was such that one could reasonably conclude that Defendants were laying in wait for an opportunity to terminate Plaintiff for his involvement in such advocacy." (Pl.'s Opp'n to Mot. for Summ. J. at 4.)

"[A]part from the terms of an express or implied employment contract, an employer has no right to terminate employment for a reason that contravenes fundamental public policy as expressed in a constitutional or statutory provision." Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1251-52 (1994). Defendants, however, have established the reason for Plaintiff's termination. Plaintiff only

1  speculates that he was terminated for another reason.  Therefore,

2  Defendants' motion for summary judgment on this claim is granted.

3  Fifth Claim: Intentional Infliction of Emotional Distress

4        Defendants contend Plaintiff has not provided evidence that

5  Defendants intentionally caused Plaintiff any emotional distress.

6  (Defs.' Mot. for Summ. J. at 31-32.)  Since the record is devoid of

7  such evidence, Plaintiff has not countered Defendants' showing that

8  they are entitled to summary judgment on this claim.  Therefore,

9  Defendants' motion is granted.[7]

10                    CONCLUSION

11        For the stated reasons, summary judgment is entered in favor

12  of Defendants and against Plaintiff.  The Clerk of Court shall enter

13  judgment in favor of Defendants.

14        IT IS SO ORDERED.

15  Dated: May 4, 2005

16

17                  /s/ Garland E. Burrell, Jr.
                GARLAND E. BURRELL, JR.

18                  United States District Judge

19

20

21

22

23

24

25

26

27

28

---

[7]  Plaintiff did not mention this claim in his opposition.